UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| FAYE BRYANT; SHEILA COFFEY; LINDA HERMAN; KATHRYN JONES; BETTY KRAUSE; LOIS STROMBERG; AND MARGARET VONE,<br><br>Plaintiffs,<br><br>vs.<br><br>WYETH and its Divisions WYETH PHARMACEUTICALS, INC. and ESI LEDERLE; PHARMACIA and UPJOHN CORPORATION; PHARMACIA, INC.; PFIZER, INC.; GREENSTONE LTD.; BARR PHARMACEUTICALS, INC.; BARR LABORATORIES; DURAMED PHARMACEUTICALS INC.; SOLVAY PHARAMACEUTICALS, INC., previously known as REID ROWELL, INC.; SOLVAY, S.A.,<br><br>Defendants. | NO.<br><br>NOTICE OF REMOVAL |
|---|---|



WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100 FAX: (206) 623-9273

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1441, defendant Wyeth[1] removes to this Court the state-court action described in paragraph 1 below.

## THE REMOVED CASE

1. The removed case is a civil action filed on or about July 2, 2004, in the Superior Court of the State of Washington in and for the County of Snohomish, having been assigned Cause No. 04-2-10990-4, and styled *Faye Bryant; Sheila Coffey; Linda Herman; Kathryn Jones; Bettye Krause; Lois Stromberg; and Margaret Vone, Plaintiffs v. Wyeth and its Divisions Wyeth Pharmaceuticals, Inc. and Esi Lederle; Pharmacia and Upjohn Corporation; Pharmacia, Inc.; Pfizer, Inc.; Greenstone Ltd; Barr Pharmaceuticals, Inc.; Barr Laboratories; Duramed Pharmaceuticals Inc.; Solvay Pharmaceuticals, Inc., previously known as Reid Rowell, Inc.; Solvay, S.A., Defendants.*

## PAPERS FROM REMOVED ACTION

2. As required by 28 U.S.C. § 1446(a), attached as Exhibit A are copies of all process, pleadings, and orders served upon Wyeth in the removed case.

---

1 In the caption of the Complaint, plaintiffs name" WYETH and its Divisions WYETH PHARMACEUTICALS, INC. and ESI LEDERLE." In the body of the Complaint, plaintiffs say they are suing the "unincorporated division[] [of Wyeth], Wyeth Pharmaceuticals." *See* Complaint Sect. I(b) and Sect. III(a)1(i). Wyeth Pharmaceuticals Inc. is an incorporated indirect subsidiary of Wyeth. It is not incorporated in Washington, and does not have its principal place of business in Washington. Wyeth Pharmaceuticals is an unincorporated division of Wyeth. The identity of the parties is controlled by the body of the complaint. Accordingly, Wyeth understands plaintiffs to be suing Wyeth and its unincorporated division, Wyeth Pharmaceuticals.



WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100 FAX: (206) 623-9273

## THE REMOVAL IS TIMELY

3. Wyeth is informed and believes that the first date upon which Wyeth received a copy of the Complaint in the removed case was July 7, 2004. This notice of removal is filed within 30 days of that service and, therefore, is timely under 28 U.S.C § 1446(b).

## CONSENTS TO REMOVAL

4. Defendants Pfizer Inc. (incorrectly named as "Pfizer, Inc."), Pharmacia & Upjohn Company (incorrectly named as "Pharmacia and Upjohn Corporation"), Pharmacia Corporation (incorrectly named as "Pharmacia, Inc."), and Greenstone Ltd. consent to this Notice of Removal. The written consents to removal are attached at Exhibits B through E.

5. Defendants Barr Pharmaceuticals, Inc., Barr Laboratories, Inc. (incorrectly named as "Barr Laboratories"), and Duramed Pharmaceuticals, Inc. consent to this Notice of Removal. The written consents to removal are attached at Exhibits F through H.

6. Defendants Solvay Pharmaceuticals, Inc. consents to this Notice of Removal. The written consents to removal are attached at Exhibit I.

7. Defendant Solvay, S.A has not been served and no consent to removal is required. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) ("Ordinarily, under 28 U.S.C. § 1446(a), all defendants in a state action must join in the petition for removal, except for nominal, unknown or fraudulently



WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100 FAX: (206) 623-9273

joined parties. This general rule applies, however, only to defendants properly joined and served in the action."); Salveson v. Western States Bankcard Ass'n, 731 F.2d 1423, 1429 (9th Cir. 1984) ("Our circuit rule is that a party not served need not be joined; the defendants summonsed can remove by themselves."). Seagate Technology LLC v. Dalian China Express International Corp., 169 F. Supp.2d 1146, 1152 (M.D. Cal. 2001) ("The rule that all defendants must unanimously join a removal petition applies to all defendants properly joined and served.") (citing Emrich); Schwartz v. FHB International Corp., 947 F. Supp. 1354, 1362 (D. Arizona 1996) ("Those named as defendants but not yet served in the state court action need not join the notice of removal.") (citing Salveson).

**THE VENUE REQUIREMENT IS MET**

7. Venue of this removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place where the state-court action was pending.

**DIVERSITY OF CITIZENSHIP EXISTS**

8. This is a civil action that falls under the Court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

9. As admitted in the Complaint, the plaintiffs are citizens of Washington. *See* Complaint, Sect. III(b), ¶¶ 1-7. Upon information and belief,



WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100 FAX: (206) 623-9273

the plaintiffs were also citizens of Washington at the time the action was commenced.

10. Defendant Wyeth is not, and was not at the time the action was commenced, a citizen of Washington. *See* Complaint, Sect. I(b). Wyeth is incorporated in Delaware and has its principal place of business in New Jersey.

11. Defendant Pfizer Inc. is not, and was not at the time the action was commenced, a citizen of Washington. *See* Complaint, Sect. I(b). Pfizer Inc. is incorporated in Delaware and has its principal place of business in New York.

12. Defendant Pharmacia & Upjohn Company is not, and was not at the time the action was commenced, a citizen of Washington. *See* Complaint, Sect. I(b). Pharmacia & Upjohn Company is incorporated in Delaware and has its principal place of business in New Jersey.

13. Defendant Pharmacia Corporation is not, and was not at the time the action was commenced, a citizen of Washington. *See* Complaint, Sect. I(b). Pharmacia Corporation is incorporated in Delaware and has its principal place of business in New Jersey.

14. Defendant Greenstone Ltd. is not, and was not at the time the action was commenced, a citizen of Washington. *See* Complaint, Sect. I(b). Greenstone Ltd. is incorporated in Delaware and has its principal place of business in New Jersey.



WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100 FAX: (206) 623-9273

15. Defendant Barr Pharmaceuticals, Inc. is not, and was not at the time the action was commenced, a citizen of Washington. *See* Complaint, Sect. I(b). Barr Pharmaceuticals, Inc. is not incorporated in Washington and does not have its principal place of business in Washington.

16. Defendant Barr Laboratories, Inc. is not, and was not at the time the action was commenced, a citizen of Washington. *See* Complaint, Sect. I(b). Barr Laboratories, Inc. is not incorporated in Washington and does not have its principal place of business in Washington.

17. Defendant Duramed Pharmaceuticals, Inc. is not, and was not at the time the action was commenced, a citizen of Washington. *See* Complaint, Sect. I(b). Duramed Pharmaceuticals, Inc. is incorporated in Delaware and has its principal place of business in Ohio.

18. Defendant Solvay Pharmaceuticals, Inc. is not, and was not at the time the action was commenced, a citizen of Washington. *See* Complaint, Sect. I(b). Solvay Pharmaceuticals, Inc. is incorporated in and has its principal place of business in Georgia.

19. According to Plaintiffs' complaint, Defendant Solvay, S.A. is not, and was not at the time the action was commenced, a citizen of Washington and that Solvay, S.A. is incorporated in Belgium. *See* Complaint, Sect. I(b). However, Solvay S.A. has apparently not been served with the summons and complaint.



WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100 FAX: (206) 623-9273

20. Because the plaintiffs are citizens of Washington, and the defendants are not, complete diversity of citizenship exists under 28 U.S.C. § 1332.

**THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED**

21. The monetary value of the amount in controversy exceeds $75,000, exclusive of interests and costs.

22. Plaintiffs seek compensatory damages arising out of the use of the prescription medications Prempro, Premarin, Premphase, Cycrin, Provera, Estratest, Estratab, generic medroxyprogesterone acetate, and generic estrogen. The face of the Complaint makes clear that plaintiffs each seek damages in excess of $75,000, for plaintiffs allege the following injuries/damages:

> "Plaintiff [Faye Bryant] developed ***breast cancer*** . . . . Due to her breast cancer Plaintiff underwent breast surgeries, radiation therapy chemotherapy, and the long-term use of the anti-estrogen drug Tamoxifen." Complaint, Sect. III(b), ¶ 1 (emphasis added).

> "Plaintiff [Sheila Coffey] developed lobular ***breast cancer*** . . . . Due to her breast cancer, Plaintiff underwent breast surgeries including a mastectomy, and cancer treatments including chemotherapy and radiation therapy." Complaint, Sect. III(b), ¶ 2 (emphasis added).

> "Plaintiff [Linda Herman] developed infiltrating ductal ***breast cancer*** . . . ." Complaint, Sect. III(b), ¶ 3 (emphasis added).

> "Plaintiff [Kathryn Jones] development [sic] infiltrating lobular and ductal ***breast cancer*** . . . . Due to her breast cancer Plaintiff underwent breast surgeries including mastectomy and underwent cancer treatments including chemotherapy, radiation therapy and long-term drug therapy with Tamoxifen." Complaint, Sect. III(b), ¶ 4 (emphasis added).



WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100 FAX: (206) 623-9273

> "Plaintiff [Bettye Krause] developed ductal ***breast cancer*** . . . . Due to her breast cancer, Plaintiff underwent breast surgeries including a partial mastectomy as well as cancer treatments including radiation therapy." Complaint, Sect. III(b), ¶ 5 (emphasis added).

> "Plaintiff [Lois Stromberg] developed infiltrating ductal ***breast cancer*** . . . . Due to her breast cancer, Plaintiff underwent breast cancer surgeries including mastectomy as well as cancer treatment including the long term use of Tamoxifen." Complaint, Sect. III(b), ¶ 6 (emphasis added).

> "Plaintiff [Margaret Vone] developed infiltrating ductal ***breast cancer*** . . . ." Complaint, Sect. III(b), ¶ 7 (emphasis added).

> "For Plaintiffs who suffered from breast cancer, Plaintiffs suffered in the past, and it is anticipated will suffer in the future, medical testing, breast biopsies, invasive exploratory surgeries, removal of breast tissue, lumpectomy or mastectomy surgeries, disfigurement, reconstruction surgeries, chemotherapy, radiation, chemical treatments, long-term cancer treatment using anti-estrogen drugs, continuing medical monitoring, physical and emotional pain, physical and emotional suffering, mental anguish, physical impairment, medical bills and expenses as well as loss of wages and wage earning capacity." Complaint, ¶ 126.

23. Reported verdicts and settlements in cases where the alleged injury is breast cancer indicate that damages in such cases exceed $75,000. *See Rozar v. Kaiser Foundation Healthcare*, 21 No. 8 Verdict Settlements & Tactics ("VST") 348 (Westlaw 2000) ($842,680 arbitration award for delay in diagnosing breast cancer); *Howstow v. Rosenburg*, 21 No.2 VST 65 (Westlaw 2000) ($750,000 verdict in suit alleging failure to diagnose breast cancer); *Mathews v. Bloy*, 19 No.4 VST 141 (Westlaw 1999) ($400,000 awarded in suit alleging failure to diagnose breast cancer); *Ruffin v. Medical Ctr. Radiology Group*, 15 No.7 VST 238 (Westlaw 1995)



WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100 FAX: (206) 623-9273

($2.6 million awarded to plaintiff in suit alleging failure to diagnose breast cancer); *Greeley v. Slepian*, 12 No. 8 VST 280 (Westlaw 1992) ($1.4 million arbitration award for failure to diagnose breast cancer).

24. Plaintiffs also seek punitive damages, *see* Complaint, ¶¶ 129-130, which are included in the calculation of the amount in controversy. *See Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943). The totality of these factors establishes that the amount in controversy for each plaintiff meets the jurisdictional requirement.

25. Thus, the state court action may be removed to this Court by defendant Wyeth in accordance with the provisions of 28 U.S.C. § 1441(a) because (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Western District of Washington; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000, exclusive of interest and costs.

## MULTIDISTRICT LITIGATION

26. On March 4, 2003, the Judicial Panel on Multidistrict Litigation granted a motion to consolidate pursuant to 28 U.S.C. § 1407, created *In re Prempro Products Liability Litigation*, MDL-1507, and transferred all Prempro litigation to the Eastern District of Arkansas (Judge William R. Wilson). Wyeth will identify this removed case as a "tag-along" action, and it can be expected that



WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100 FAX: (206) 623-9273

the Panel will shortly issue a Conditional Transfer Order transferring this case to the Eastern District of Arkansas.

## FILING OF REMOVAL PAPERS

27. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action has been given simultaneously to plaintiffs' counsel, and a Notice of Filing of Notice of Removal is simultaneously being filed with the Superior Court of the State of Washington in and for the County of Snohomish. True and correct copies of those Notices are attached hereto as Exhibits J and K.

**WHEREFORE**, Wyeth hereby removes the above-captioned action from the Superior Court of the State of Washington in and for the County of Snohomish, and requests that further proceedings be conducted in this Court as provided by law.

DATED this 3rd day of August, 2004.

WILSON SMITH COCHRAN DICKERSON

By [signature]
Kathy A. Cochran
WSBA# 5775
of Attorneys for Defendant Wyeth



WILSON SMITH COCHRAN DICKERSON
A PROFESSIONAL SERVICE CORPORATION
1700 FINANCIAL CENTER, 1215 4TH AVENUE
SEATTLE, WASHINGTON 98161-1007
TELEPHONE: (206) 623-4100 FAX: (206) 623-9273