THE HONORABLE Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| FAYE BRYANT, | NO. 2:04-CV-01706-TSZ |
|---|---|
| Plaintiff, | |
| v. | JOINT STATUS REPORT |
| PHARMACIA & UPJOHN COMPANY LLC, et al. | |
| Defendants. | |

COME NOW the parties by and through their undersigned counsel of record and pursuant to order of the court and file the following joint status report with the Court.

1. <u>Nature and Complexity of the Case.</u>  This case is part of the national hormone therapy litigation.  Plaintiff alleges that her use of postmenopausal hormone therapy products caused her breast cancer and that Defendants failed to adequately test the products, warn of the risks and improperly marketed the products. Defendants deny that their products caused Plaintiff's breast cancer and contend the products were appropriately tested, labeled and marketed. The United States Judicial Panel on Multidistrict Litigation issued an order remanding this action to this Court from the MDL Court in the Eastern District of Arkansas.

JOINT STATUS REPORT - 1

KAYE SCHOLER LLP
1999 AVENUE OF THE STARS, SUITE 1700
LOS ANGELES, CA 90067
(310) 788-1000

Jurisdiction is vested in this Court due to the diversity of the parties.

2. <u>ADR Method Under Local Rule CR 39.1:</u>  The parties agree that this is a case that should be mediated under Local Rule 39.1 upon completion of discovery.

3. <u>Statement Regarding Scheduling an ADR Method Under Local Rule 39.1.</u>

See above.

4. <u>Proposed Deadline for Joining Additional Parties:</u>

No additional parties will be added.

5. <u>Proposed Discovery Plan:</u>

A. The parties held their FRCP Rule 26(f) conference on February 18, 2011. Defendants are relying on the discovery conducted in the MDL and propose no Rule 26(a)(1) disclosures except that Plaintiff update her Fact Sheet and Authorizations by March 25, 2011.

B. While substantial generic discovery has been completed in the MDL, the parties have only conducted limited case-specific fact discovery in this case. Substantial additional case-specific fact and expert discovery and motions practice remains to be completed in this Court. Specifically, only the Plaintiff has been deposed. Additional case-specific discovery that will be necessary includes updating medical records with HIPAA-compliant authorizations, deposing additional treating physicians and fact witnesses, and disclosing and deposing expert witnesses in various disciplines such as breast surgery, oncology, OB/GYN, pathology, radiology, etc.

C. Absent a written stipulation of the parties, a party must obtain leave of Court to: (1) take more than ten (10) fact depositions; (2) extend a deposition beyond one day of seven (7) hours, except the time limit is two (2) hours for case-specific experts on either side who have already provided a deposition on their generic opinions; or (3) examine a fact witness who already has been deposed in the

JOINT STATUS REPORT - 2

KAYE SCHOLER LLP
1999 AVENUE OF THE STARS, SUITE 1700
LOS ANGELES, CA 90067
(310) 788-1000

MDL or any of these cases (other than sales representatives where the parties have agreed to a deposition limited to 2 hours on those witnesses if the sales representative has already been deposed), except that a party may take a trial preservation deposition of any case-specific expert or fact witness that has previously been deposed in these cases up to 10 days before trial, provided that reasonable notice of such a deposition is provided.  The parties shall cooperate regarding the scheduling and allocation of time at a trial preservation deposition.

D.   While this case was in the MDL, it was subject to confidentiality and discovery orders entered by the MDL judge.  The parties intend to continue to observe any confidentiality and discovery orders, and any exceptions and/or objections thereto, entered in the MDL and to abide by the Federal Rules and the Local Rules of this Court regarding discovery.

6.   The Date By Which Discovery Can Be Completed.

Plaintiff will disclose her experts by October 17, 2011 and Defendants will disclose their experts by November 17, 2011.  Discovery will be complete by March 12, 2012.

7.   Statement Regarding Dispositive Motions

Defendants will assess dispositive motions and *Daubert* motions challenging the admissibility of expert testimony after the close of discovery, and anticipate filing several such motions.

8.   Statement Regarding Agreement To A Full-Time Magistrate Judge.

The parties do not agree that a magistrate judge may conduct all proceedings in this matter.

9.   Statement Regarding Bifurcation.

The parties do not believe that this case should be bifurcated at this time, but Defendants reserve the right to seek bifurcation in a pretrial motion.

10.   Pretrial Statements.

JOINT STATUS REPORT - 3

KAYE SCHOLER LLP
1999 AVENUE OF THE STARS, SUITE 1700
LOS ANGELES, CA 90067
(310) 788-1000

The parties agree that the pretrial statements should be limited to witnesses and exhibits.

11. <u>Other Suggestions For Shortening Or Simplifying The Case</u>.

None.

12. <u>Trial Readiness Date</u>.

The parties believe that this case can be ready for trial by May 12, 2012.

13. <u>Statement Regarding Jury Trial</u>.

This case will be a jury trial.

14. <u>Number Of Trial Days</u>.

This case is currently anticipated to take approximately 12-15 jury trial days.

15. <u>The Names and Addresses of all Counsel.</u>

| Plaintiff's Counsel: | Defendants' Counsel: |
|---|---|
| Debra Renee Baggett<br>*Pro Hac Vice*<br>ALYSTOCK WITKIN KREIS &<br>OVERHOLTZ PLLC<br>17 East Main Street<br>Suite 200<br>Pensacola, FL 32502<br>(850) 202-1010<br><br>Attorneys for Plaintiff | Pamela J. Yates<br>*Pro Hac Vice*<br>Wendy S. Dowse<br>*Pro Hac Vice*<br>KAYE SCHOLER LLP<br>1999 Avenue of the Stars<br>Suite 1700<br>Los Angeles, CA 90067<br>(310) 788-1000<br><br>Attorneys for Defendants |

JOINT STATUS REPORT - 4

16. <u>Statement Regarding a Scheduling Conference Prior to a Scheduling Order Being Entered.</u>

The parties do not request a scheduling conference.

DATED this 28th day of February 2011.

| ALYSTOCK WITKIN KREIS & OVERHOLTZ PLLC | KAYE SCHOER LLP |
|---|---|
| By  */s/ Debra Renee Baggett* | By  */s/ Wendy S. Dowse* |
| Debra Renee Baggett<br>*Pro Hac Vice* | Wendy S. Dowse<br>*Pro Hac Vice* |
| Attorneys for Plaintiff | Attorneys for Defendants |

JOINT STATUS REPORT - 5